UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| COVEY RUN, LLC | : | CASE NO: 15-CV-00219-CCK |
| Plaintiff, | : | |
| vs. | : | |
| WASHINGTON CAPITAL, LLC; ATLANTIS INFORMATION SYSTEMS, LLC; JEMEL M. LYLES, SR.; MELVIN H. SANDERS; STEVE EVANS; L. GREGORY LOOMAR; L. GREGORY, PA , AND MICHAEL BLACKWELL: | : : | |
| Defendants. _____/ | | |

**DEFENDANT L. GREGORY LOOMAR AND DEFENDANT L. GREGORY LOOMAR, P.A.'S REPLY IN SUPPORT THEIR JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**PRELIMINARY STATEMENT**

This case arises out of the Plaintiff's alleged claims for breach of contract, fraud, negligent misrepresentation, conversion and breach of fiduciary duty, all arising from a loan commitment agreement entered into by between Washington Capital, LLC and Covey Run, LLC. Whereby, Washington Capital, LLC, a private equity was to obtain financing for Covey Run, LLC.

**FACTUAL BACKGROUND**

On February 13, 2015, Plaintiff, Covey Run, LLC ("Covey") a Minnesota Limited Liability Company, with its principal place of business located in St. Cloud, Minnesota (Compl. at ¶ 1), filed this action against L. Gregory Loomar, individually ("Loomar") and L. Gregory Loomar, PA ("Loomar PA") and the following named Defendants, Washington Capital, LLC, a Virginia limited liability company ("Capital"), Atlantis Information Systems, LLC, a Virginia LLC ("Atlantis"), Jemel M. Lyles, Sr. ("Lyles"), Melvin H. Sanders ("Sanders"), Steve Evans ("Evans") and Michael Blackwell ("Blackwell"), alleging the following five (5) causes of action, breach of contract, fraud, negligent misrepresentation, conversion and breach of fiduciary duty. However, the only claim asserted against Loomar and Loomar PA is for Breach of Fiduciary Duty. Id at ¶73-81.

Plaintiff argues Defendant, Loomar and Loomar PA's motion to dismiss should be denied. However, the facts and law recited in Defendant's motion to dismiss clearly support the proposition that Plaintiff's Amended Complaint is deficient, this Court lacks diversity jurisdiction to hear this matter, and fails to allege facts sufficient to support a claim upon which relief can be granted, including breach of fiduciary duty against Loomar and Loomar PA.

On April 1, 2015, the Plaintiffs filed its Amended Complaint against the above-named Defendants in this action. The Plaintiff dropped Karen Baas ("Baas"), as a Defendant in its action, and added Loomar PA as an additional Defendant. Aside these changes, Plaintiff's Amended Complaint remained essentially the same.

ARGUMENT

Since, the filing of Plaintiffs' Amended Complaint for legal standard for reviewing such motion is not changed. A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). "[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

However, as a Plaintiffs' Amended Complaint contains only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice Ashcroft v. Igbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 555)*,* and not "labels...conclusions, [or] a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Nunez v. Geico General Ins. Co., Case No. 09-23624-CIV, 2010 WL 1924441, at l (S.D. Fla. Apr. 13, 2010) (King, J.) (citing Twombly). The action must be dismissed.).

**A.    Covey Has Failed To Establish Subject Matter Jurisdiction**

Covey has failed to establish this Honorable Court's subject-matter jurisdiction to hear this action. Pursuant to Rule 12(b)(1) Covey had establish that there is actual diversity of citizenship among all the parties to the complaint. Covey would argue that the court has subject matter jurisdiction, and leave it at that. Hoping, there would be no objection to the complete lack of diversity among all Defendant's and Plaintiff's to this action.

Covey's initial complaint named Karen Baas, as a Defendant in this action. Ms. Baas was alleged to committed the same actions as that of Defendant, Michael Blackwell. However, as

Defendant Loomar had pointed out in his Motion to Dismiss Plaintiff's initial complaint, Diversity Jurisdiction was wholly lacking, as Covey and Defendant Baas were both residents of Minnesota.

In response, Defendant's Motion for Dismissal, Covey omitted Karen Bass as a named Defendant in its Amended Complaint. Alleging only Defendant, Michael Blackwell was solely responsible for the actions of negligent misrepresentation as set forth in Count three (3) of Plaintiff's Amended Complaint.  Unfortunately, Covey failed to strike the underline allegations against Karen Baas, that she was licensed working for Defendant Capital.  Compl  at ¶14. That Karen Baas, made representations to Covey, which Covey relied upon, to the extent that they transferred $1.2million dollars  to Loomar PA's  escrow account. Id., at ¶48. That Karen Baas represented the source of financing as well as sending correspondence and having conversations with Covey representatives regarding return of funds to Covey, and assuring  Covey it would recover its funds. Id at ¶ 31. Including allegations that Karen Baas  had and or would  wire the $1.2 million dollars to Covey. Id at ¶ 41.

Strategically, by Covey omitting Karen Baas as a Defendant in its Amended Complaint, Covey must have perceived this as a victory. As the diversity issue was eliminated, this Court can now hear the present action. Unfortunately, Covey was mistaken.

Defendant's in their Joint Motion to Dismiss correctly point out that Defendant, Atlantis, is a member of  Covey's LLC, as well as a Virginia limited liability company.  This Circuit has held "For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members".  Central West Virginia Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101 (4th Cir.2011) citing  Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004). The Plaintiff is an agreement, citing to  Hoch v. Eli Lilly and Co. 736

F. Supp 2nd 219, (D.D.C. 2010).

However, Covey is now attempting to argue that Defendant, Atlantis is a "fraudulent shell" company and only a "Nominal Party". Therefore, the Court should ignore the issue of complete lack of diversity among the parties and retain jurisdiction of this matter.

As Your Honor has previously held in Busby v. Capital One, N.A., 932 F.Supp.2d 114, (D.D.C. 2013) Parties are not "real" when they are joined "only as the designated performer of a ministerial act," or have no "control of, impact on, or stake in the controversy." Cf. Lincoln Prop. Co. v. Roche, 546 U.S. 81, (2005).

In the present action, Covey's Amended Complaint is replete with allegations against Defendant Atlantis. Compl. at ¶3, 4, 6, 18, 20, 21, 26, 30, 43, 58, 60 and 66. Including, alleging in Count two (2) of its complaint (Id. at ¶53 - 61), that Defendant Atlantis engaged in the commission of fraud.

Covey is so desperate for this Court to retain jurisdiction of this matter, that it would argue against the allegations in its own Amended Complaint, by now proffering in its opposition to Defendant's Motion to Dismiss, Defendant Atlantis "exists in name only". Regardless of the fact that Covey provided documentation establishing Defendant Atlantis is a Virginia limited liability company. Moreover, Defendant Atlantis is a member of Covey, LLC.

In determining whether Defendant Atlantis is a nominal defendant "depends on the facts in each case," and will turn on "whether there is any legal possibility for predicting that [the party] may be held liable." White F. Supp.2d 728, 733 (S.D.W. Va. 2005). Further, as Covey's allegations do not merely named Atlantis as defendant to satisfy state pleading rules, See Lincoln Property Co. v. Roche, 546 U.S. 81 (2005) citing to McNutt ex rel. Leggett, Smith, Lawrence v. Bland, 2 How. 9,

14 (1844), or was joined only as designated performer of a ministerial act, e. g., Walden v. Skinner, 101 U. S. 577, 589 (1880), or otherwise had no control of, impact on, or stake in the controversy, e. g., Wood v. Davis, 18 How. 467, 469-470 (1856).

In the present action, Covey named Defendant Atlantis for the sole purpose of seeking liability and obtaining a judgment for damages against Defendant Atlantis. Thus, resulting in a finding that Defendant Atlantis is not and can never be a mere "nominal" Defendant, as Covey would argue to this Court. Further, as Atlantis, is a member of Covey's LLC, and a Virginia limited liability company, and Defendant Evans is a resident of the State of Virginia, the Court without jurisdiction to hear this case as there is no diversity jurisdiction. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396 (1978).

**B.     Covey Allegations Still Fail to Provide a Basis for this Court to Invoke in Personam**

The Plaintiff claims that no Defendants other than Loomar and Loomar PA have asserted a basis to challenge this court's in personam jurisdiction. Covey argues that none of the other Defendants have challenge personal jurisdiction. However, the test is not the Defendants that have not challenged or waived personal jurisdiction, but those Defendants that do challenge personal jurisdiction.

As stated in the Defendant's Joint Motion to Dismiss, in order for this Court to exercise personal jurisdiction over a non-resident defendant, the Court must first determine whether such jurisdiction is authorized by the District of Columbia's long-arm statute, and then whether the exercise of such jurisdiction satisfies due process requirements. Fudali v. Pivotal Corp. F. Supp. 2d, Case No. 03-1460, 2011 WL 122053 (D.D.C. April 26, 2011) (Citing, In re Fort Totten Metrorail Cases, F. Supp. 2d, Case No. 10-MC-314, 662010 WL 5263229, at 2-5 (D.D.C. Dec. 23, 2010)).

6

The <u>Fudali</u> Court deferred to this Honorable Court's explanation of the procedural process required in determining a motion to dismiss founded on plaintiff's allegation of in personam jurisdiction. Opining that a plaintiff bears the burden of establishing a factual basis for asserting personal jurisdiction over a defendant. See <u>Crane v. N.Y. Zoological Soc'y</u>, 894 F.2d 454, 456 (D.C. Cir. 1990). "<u>The plaintiff, however, cannot rest on bare allegations or conclusory statements and must allege specific facts connecting each defendant with the forum." GTE New Media Servs., Inc. v. Ameritech Corp., 21 F. Supp. 2d 27, 36 (D.D.C. 1998); see also Second Amendment Found. v. U.S. Conference of Mayors,</u> 274 F.3d 521, 524 (D.C.Cir. 2001) (same). "

Covey in its memorandum in opposition states that the allegations in their complaint are more than "conclusory statements". However, Covey provided no documentation or any other evidence which follows this Court's guide to establish in personam jurisdiction. Covey argument is conclusory in itself. Therefore, so they has failed to establish in personam jurisdiction.

**C.     Covey Has Failed to Establish Venue**.

Covey argues as allege sufficient facts to state that a substantial part of the events giving rise to the claim occurred in the District of Columbia. Unfortunately, Covey's Amended Complaint, are mere conclusions allegations which will not give rise to a basis for venue. See. <u>Corbett v. Jennifer</u>, 888 F.Supp.2d 42 (D.D.C. 2012).

**D.     Covey Still Fails Meet the Minimum Standards Required to State a Claim for Relief.**

Covey, despite being given a roadmap by Defendants, Loomar and Loomar PA as to the inaccuracies and confusion with regard to Plaintiff's initial complaint. Covey, chose to disregard those deficiencies in their initial complaint and reallege the same irrelevant conclusions of their initial complaint. Covey Amended Complaint contains several counts, each one incorporating by

reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir.2002). See also Whitney Info. Network, Inc. v. Gagnon, 353 F.Supp.2d 1208, 1210–11 (M.D.Fla.2005) ("A party may not incorporate all allegations of each count in every successive count.... The entirety of the [complaint] will be dismissed as a shotgun pleading."); T.D.S., Inc. v. Shelby Mutual Ins. Co., 760 F.2d 1520, 1545 (11th Cir.1985) (criticizing complaint which "combin[ed] a variety of discrete claims in one count in such a way as to make it difficult to discern which allegations or damages pertained to which theory of recovery").

Covey would argue in its memorandum in opposition, that Loomae and Loomar PA have sufficient notice of the claim against them to respond and provide a defense on the merits. Unfortunately, Covey's Amended Complaint does no more than proffer there are all too common shotgun allegations. Additionally, Covey's failure to plead it's fraud-based claims with the heightened level of particularity which is required by Federal Rule of Civil Procedure 9(b) requires dismissal of its Amended Complaint.

**E.   Defendant Karen Bass Is a Necessary Party to this Action**

In Covey's opposition to motion to dismiss, Covey argues that Karen baas is not a necessary Party to this action. If Covey was not sure that they would lose on the issue of diversity jurisdiction, it would not have filed its Amended Complaint omitting Karen Baas. As stated in Defendant's Joint Motion to Dismiss, and to some extent herein. Covey's allegations against Karen Baas are quite far-reaching.  The Amended Complaint repeatedly references the actions she took an active participant whom Covey relied upon.  Therefore, she is necessary party and should not have been dropped from

the present action.

F.  **The Amended Complaint Fails to State a Claim for Breach of Fiduciary Duty against Loomar and Loomar PA**

Plaintiff argues in its memorandum in opposition to Defendant's Joint Motion to Dismiss, that it properly pled a claim based upon breach of fiduciary duty.  Unfortunately, Plaintiff would be mistaken. Covey's Amended Complaint fails to distinguish the acts complained of against Loomar and the acts complained of against Loomar PA. The Amended Complaint also fails to distinguish to Loomar or Loomar PA to whom or what entity Covey's funds were sent to. As the Amended Complaint states the funds were disbursed to Capital, Lyles, Sanders and Evans Compl at ¶79. Further, as Fed.R.Civ.P. 8(a) requires a short and plain statement of the claim showing that the pleader is entitled to relief.  A complaint that "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct" fails to satisfy Rule 8. Lane v. Capital Acquisitions and Management Co., No. 04–60602 CIV, 2006 WL 4590705 (S.D.Fla.2006).

Further, the Amended Complaint also states that Loomar or Loomar PA did not seek Covey's consent to disburse funds to these Defendants, with Covey failing to specifically name the Defendants. However, pursuant to the terms of the Addendum "A" the more was not required to seek such consent.  In support of its argument for breach of fiduciary duty, Covey cites a O'Keefe v.Darnel, 192 F. Supp 2d 1351(M.D. Fla 2002). However, Plaintiff misreads this case, as there was no attorney-client relationship between Covey and Loomar or Covey and Loomar PA. Moreover, Covey executed the agreement, limiting the liability of Loomar PA, and the complaint is void of any allegations that  Covey relied upon any representations made by Loomar or Loomar PA. As at not time Covey prior to the time of requesting disbursement information on January 21, 2015 (Compl.

at ¶40) did Covey ever communicate or contact with Loomar or Loomar PA,.

Courts have established that [the] parties may limit an escrow agents' responsibilities through contract." <u>Resolution Trust Corp. v. Broad & Cassel, P.A.,</u> 889 F. Supp. 475, 479 (M.D. Fla. 1995). The facts of that case are remarkably similar to the of the present action. The court found no breach of fiduciary duty on the part of the escrow agent, where the escrow agreement limited the escrow agents liability. Therefore, in applying <u>Resolution Trust Corp.</u> to the pending action, Addendum "A", exonerates Loomar and Loomar PA, with regard to the disbursement of any funds.

Loomar PA was under no duty to contact Covey before making any distribution to Capital. Covey relied upon the representations of Capital, Covey never contacted Loomar PA, nor did Covey ever provided any instructions Loomar PA. Covey now seeks to hold Loomar and Loomar PA, liable for performing under the agreement Covey executed.

Therefore, as the count against Loomar and Loomar PA fails to state a cause of action, and there can be no liability attributable to Loomar or Loomar PA, and the present action must therefore be dismissed

## CONCLUSION

For the reasons set forth above, Defendant, Gregory Loomar and Defendant, L. Gregory Loomar, PA, respectfully request this Honorable Court enter an Order Dismissing Plaintiff's <u>Amended Complaint</u> with Prejudice, award Defendants their attorneys' fees and costs for defending this action, and any and all other relief this Court so deems appropriate.

Dated: May 19, 2015

                              Respectfully submitted,

/s/ Scott S. Levine
SCOTT S. LEVINE, ESQ. (Florida Bar No. 876682)
sslevine@msn.com
Admitted  Pro Hac Vice
LAW OFFICES OF SCOTT LEVINE, P.A.
Counsel for Defendant L. Gregory Loomar
1655 North Commerce Parkway, Suite 202
Weston, Florida 33326
Tel: (954) 510-3100
Fax: (866) 703-5508

**CERTIFICATE OF SERVICE**

I, Scott Levine, hereby certify that I caused the foregoing to be filed via the Court's ECF System.

Respectfully submitted,

/s/ Scott S. Levine
SCOTT S. LEVINE, ESQ. (Florida Bar No. 876682)
sslevine@msn.com
Admitted  Pro Hac Vice
LAW OFFICES OF SCOTT LEVINE, P.A.
Counsel for Defendant L. Gregory Loomar
1655 North Commerce Parkway, Suite 202
Weston, Florida 33326
Tel: (954) 510-3100
Fax: (866) 703-5508