**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| COVEY RUN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-CV-00219-CKK |
| | ) | |
| WASHINGTON CAPITAL, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Plaintiff's Memorandum Of Law In Support Of Its
Motion For A Rule 16(b) Conference**

Plaintiff Covey Run respectfully asks that the Court schedule a Rule 16(b) conference pursuant to the Federal Rules of Civil Procedure.  For the reasons stated below, good cause exists for Covey Run to make this request.

## I.      Background Facts

### A.      The Wrongdoing Perpetrated By Defendants

This lawsuit arises out of a fraudulent scheme perpetrated by Defendants Washington Capital, LLC, Jemel Lyles, Melvin Sanders, and Steve Evans (unless referred to individually, these Defendants are referred to collectively as the "Washington Defendants") that culminated in the theft of in excess of $1.2 million from Covey Run.  Defendants L. Gregory Loomar and L. Gregory Loomar P.A. (collectively, the "Loomar Defendants") were to serve as the escrow agent for Covey Run's funds, which Washington Capital agreed would be used for costs associated with a project in Wyoming.  The deal between Covey Run and Washington Capital never closed, the project never began, and the fundamental conditions for the disbursement of Covey Run's funds were never met.  The Loomar Defendants did not hold Covey Run's money in escrow, but

instead immediately passed them through a revolving door to Washington Capital, who now either cannot account for or refuses to account for Covey Run's funds.

In particular, on or about May 8, 2014, Washington Capital LLC drafted, executed, and presented a Letter of Commitment to Covey Run outlining the terms of the proposed Wyoming development project. (ECF #27, First Am. Compl. at ¶ 21.) In that Letter of Commitment, Washington Capital agreed to invest approximately $660,000 towards the project. (*Id.*) After entering into the Letter of Commitment, Washington Capital proposed that its equity investment in the project be made through a company known as Atlantis Information Systems, LLC, and that Covey Run amend its bylaws and Member Control Agreement to add Atlantis as a member in consideration for this capital commitment. (*Id.* ¶¶ 18, 43.) On July 22, 2014, Evans signed a Covey Run LLC Investor Commitment Letter and Questionnaire on behalf of Atlantis ("Commitment Letter"), which provided that Atlantis would purchase an interest in Covey Run in exchange for an investment amount which would not exceed $660,000. (*Id.* ¶ 20.) In reliance on this commitment, on or about September 22, 2014, Covey Run amended its Member Control Agreement to add Atlantis as a member. (*Id.* ¶ 43.)

The proposed closing date of the loan and purchase of the Wyoming property was changed a number of times to accommodate a variety of alleged concerns raised by Washington Capital. (*Id.* ¶¶ 28-29.) By December 15, 2015, however, it had become clear to Covey Run that Washington Capital was trying to avoid paying the $660,000 it had committed to the project through Atlantis and was citing various concerns as a pretense to avoid closing on the deal. (*Id.* ¶ 29.) Ultimately, the deal never closed, and Atlantis never paid the $660,000 agreed upon in exchange for its membership in Covey Run. (*Id.* ¶¶ 30-35.) Covey Run subsequently filed the complaint in this case after it became apparent that these Defendants had stolen $1.2 million of

the monies that Covey Run's investors/members had contributed and which in turn were

provided to Defendant L. Gregory Loomar in July and August 2014 to safeguard in escrow.  (*Id.*

¶¶ 35-45.)

### B.    The Current Status Of The Case

Pending before the Court is the Loomar Defendants' motion to dismiss the complaint.

(ECF #34.)  The Loomar Defendants contend that dismissal is appropriate, arguing there is a lack

of diversity and contending that certain claims fail, including claims that are not asserted by

Covey Run against the Loomar Defendants.  Covey Run has opposed that motion on a variety of

grounds.  (*See* ECF #43.)

On August 18, 2015, Covey Run filed a motion for leave, asking the Court for permission

to amend the Complaint and attaching a draft of the Second Amended Complaint.  (ECF #42.)

Covey Run requested leave to amend to correct the list of the true members of Atlantis

Information Systems LLC, a shell company that appears to have been created for the sole

purpose of furthering Defendants' fraudulent scheme, and to voluntarily dismiss its claims

against Atlantis.  (*Id.*)  The Second Amended Complaint cures any possible jurisdictional defect

in the First Amended Complaint.

## II.    Argument

### A.    Rule 16(b) Conference Is Necessary To Start Discovery

Rule 26(f)(1) of the Federal Rules of Civil Procedure states in pertinent part that "the

parties must confer as soon as practicable − and in any event at least 21 days before a scheduling

conference is to be held or a scheduling order is due under Rule 16(b)."  That Rule requires the

parties to meet and prepare a discovery plan and Rule 26(f) report.  Rule 16(b), in turn, requires

the Court to issue a scheduling order after receiving the parties' report under Rule 26(f) or consulting with the parties' attorneys at a scheduling conference.

Here, Covey Run invited the parties to meet and confer in order to prepare a Rule 26(f) and Local Rule 16 report and discovery plan.  Undersigned counsel sent an email and letter dated October 1, 2015 to Defendants asking for their availability to meet and discuss the preparation of this report and plan. The email and letter also advised them that Covey Run intended to file a motion with the Court if they refused to participate.  Pro Se Defendants Blackwell and Sanders did not respond.  Undersigned counsel and counsel for the Loomar Defendants and Washington Capital Defendants discussed this report and plan in a telephone conference call that took place at 1:00 p.m. on October 7th.  Undersigned counsel followed-up the next day by sending a draft of the report and plan to these Defendants.  The Loomar Defendants and Washington Capital Defendants have advised that they do not consent to any report or plan.  In the circumstances, Covey Run has no choice but to file this Motion to ask the Court to schedule a Rule 16(b) conference to allow the parties to commence discovery.

### B.    Defendants' Excuses For Delaying Discovery Is Without Merit

The Loomar and Washington Capital Defendants contend that discovery cannot start for two reasons.  First, they argue that the Court needs to address the pending motion to dismiss before it can allow the parties to start discovery.  However, "a stay of discovery pending determination of a motion to dismiss 'is rarely appropriate when the pending motion will not dispose of the entire case.'"  *Chavous v. District of Columbia Fin. Responsibility and Mgmt Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001) (quoting *Keystone Coke Co. v. Pasquale*, No. CIV A 97-6074, 1999 WL 46622, at *1(E.D. Pa. Jan. 7, 1999)).  Here, Covey Run disagrees with Defendants' position, since the pending motions do not require the Court to delay the

commencement of discovery.  The issues of federal diversity and other claims that the Loomar

Defendants have raised in their motion to dismiss are without merit, as addressed in Covey Run's

opposition (ECF #37), and would not dispose of the entire case.  Moreover, federal diversity is

not an issue because Atlantis is no longer a member of Covey Run.  (*See* ECF #42, Motion to

File Second Amended Complaint.)

Second, these Defendants assert that an unrelated criminal case initiated against

Defendants Jemel Lyles and Steve Evans in the United States District Court for the District of

Maryland (Case No. 8:15-cr-00168-DKC (filed Apr. 8, 2015) prevents the parties from starting

discovery as to all claims in this case.  The Loomar and Washington Capital Defendants offer no

support for this contention.

The criminal case and this civil case do not arise from identical events or involve the

same parties.  Lyles and Evans have not been criminally indicted as to the claims at issue in this

case.  The criminal case that is pending involves charges of theft by Lyles and Evans associated

with an unrelated party for sums of money that are less than those in dispute in this case.  *See*

Case No. 8:15-cr-00168-DKC (D. Md. filed Apr. 8, 2015).  Here, the issue is the return of Covey

Run's approximately $1.2 million that it entrusted to the Loomar Defendants and that the

Loomar Defendants transferred to the Washington Capital Defendants in disregard of their

escrow duties.  Discovery will, among other things, allow Covey Run to ascertain if the Loomar

Defendants and the Washington Capital Defendants and pro se Defendants colluded to abscond

with Covey Run's money.  It will also allow Covey Run to further support its claims against

Defendants for fraud, breach of contract, negligent misrepresentation, conversion, and breach of

fiduciary duty.  Discovery will also allow Covey Run to track the money through banking

institutions and other outlets in order to ascertain its whereabouts and otherwise support the

averments in the complaint.  The more time Covey Run has to wait to start discovery, the greater

the likelihood that valuable information will be lost or destroyed and that Covey Run will be

unable to recoup its money and obtain redress for its injuries.  Thus, the interests of justice favors

the start of discovery in this case.[1]

**<u>Conclusion</u>**

For the reasons stated above, Covey Run asks that the Court grant this Motion and either

issue a Scheduling Order or schedule a Rule 16(b) conference.

Respectfully submitted,

/s/ Iris Figueroa Rosario
Eric L. Yaffe (Bar No. 439750)
Iris Figueroa Rosario (Bar No. 477009)
GRAY, PLANT, MOOTY, MOOTY
  & BENNETT, P.A.
The Watergate – Suite 700
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
Tel:    (202) 295-2200
Fax:   (202) 295-2250
eric.yaffe@gpmlaw.com
iris.rosario@gpmlaw.com

Dated:  October 21, 2015                          *Attorneys for Plaintiff*

---

[1] Based on the parties' discussions, Covey Run anticipates that Defendants will contend that Lyles and Evans will need to invoke their Fifth Amendment rights against self-incrimination if discovery moves forward.  This constitutes, in their view, a basis for the Court to delay the discovery process.  That argument is not an excuse for delaying discovery at this stage.  It is well-established that, without a showing of substantial prejudice to the rights of the parties involved, simultaneous civil and criminal proceedings are considered "unobjectionable."  *S.E.C. v. Dresser Indus., Inc.*, 628 F.2d 1368, 1368, 1375 (D.C. Cir. 1980).  There is a "heavy" burden that Defendants must establish in order to get a stay of discovery (*id.*), and they have not and, Covey Run submits, cannot, meet that burden here.

**<u>Certificate of Service</u>**

On October 21, 2015, the foregoing was sent to the following non-ECF users by Federal

Express, overnight mail:


Melvin H. Sanders
5501 Porsche Lane
Austin, Texas 78749
*Pro se*

Michael Blackwell
3040 Oakshire Street
Denton, Texas 76209
*Pro se*

/s/ Iris Figueroa Rosario