UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COVEY RUN, LLC,<br>    Plaintiffs,<br>v.<br>WASHINGTON CAPITAL, LLC, *et al.*,<br>    Defendants. | Civil Action No. 1:15-00219 (CKK) |

ORDER
(November 3, 2015)

Plaintiff Covey Run, LLC brings this action alleging that Defendants Washington Capital, LLC, Jemel Lyles, Melvin Sanders, and Steve Evans (collectively, the "Washington Defendants") perpetrated a fraudulent scheme that culminated in the alleged theft of $1.2 million from Covey Run.  Plaintiff alleges that as part of this scheme, the Washington Defendants represented themselves to be affiliated with an apparent shell company, Defendant Atlantic Information Systems LLC.  Plaintiff further alleges that Defendants L. Gregory Loomar and the Law Offices of L. Gregory Loomar P.A. (collectively, the "Loomar Defendants") failed to meet their fiduciary duties as the escrow agent for the funds in question, and that Defendant Michael Blackwell negligently misrepresented to Covey Run that Defendant Washington Capital was a reputable private equity firm.

Presently before the Court are five motions:  (1) the Loomar Defendants' [34] Motion to Dismiss Amended Complaint; (2) the Loomar Defendants' [39] First Motion to Permit Late Filing of Corrected Amended Reply Memorandum; (3) Plaintiff's [42] Motion for Leave to File Second Amended Complaint; (4) the Loomar Defendants' [44] Second Motion to Permit Late Filing; and (5) Plaintiff's [48] Motion for a Rule 16(b) Conference.  A threshold question addressed by the parties in their briefs regarding these motions is whether this Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a)(1).  Upon examination of

this issue, the Court observes that Plaintiff attempts to establish diversity in each of its pleadings, and proposed pleading, by alleging information pertaining to each Defendant's "residence," rather than each Defendant's "citizenship." *See* Pl.'s Comp ¶¶ 4-9; Pl.'s Am. Comp. ¶¶ 4-9, and Pl.'s Proposed Second Am. Compl. ¶¶ 3-8. However, "an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)).[1] Rather, "citizenship is an essential element of federal diversity jurisdiction; failing to establish citizenship is not a mere technicality." *Id.*

Plaintiff, as the party seeking the exercise of diversity jurisdiction, bears the burden of pleading the citizenship of each and every party to this action. *See Naartex*, 722 F.2d at 792. A district court is justified in dismissing a party's claims where that party fails to meet its burden after repeated attempts, and after notice that diversity jurisdiction should be shown. *Id.* The Court is cognizant that " '[d]efective allegations of jurisdiction may be amended,' 28 U.S.C. § 1653," but "courts are not obliged to indulge litigants indefinitely, especially when their amendments constitute futile gestures." *Id.* at 792 n.21. Accordingly, it appears to the Court that Plaintiff, after repeated attempts, has not met its burden to plead diversity of citizenship among all parties, and therefore, the Court is inclined to dismiss Plaintiff's claims without prejudice for lack of subject matter jurisdiction. Because the Court's dismissal would be without prejudice, Plaintiff would have the opportunity to re-examine the pertinent jurisdictional facts regarding the parties in this case and file a new complaint, if it so chooses.

---

[1] It is longstanding precedent that courts must distinguish between citizenship and residence, because a "citizen of one state may reside for a term of years in another state, of which he is not a citizen; for, citizenship is clearly not co-extensive with inhabitancy." *Bingham v. Cabot*, 3 U.S. (Dall.) 382,1 L.Ed. 646 (1798).

The Court observes, however, that Plaintiff has not yet had an opportunity to address the precise issue raised by the Court today, that is, whether an allegation of residence alone is sufficient to establish the citizenship necessary for diversity jurisdiction.[2]  Accordingly, the Court ORDERS that Plaintiff shall file supplemental briefing within five business days, by no later than **November 10, 2015**, indicating Plaintiff's response to the Court's analysis that an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction.  If the Court does not receive a response from Plaintiff, the Court will dismiss the action without prejudice.

The Court FURTHER ORDERS that it shall hold in abeyance all motions currently pending before the Court until Plaintiff has had an opportunity to file its response to the Court's analysis and until the Court has issued a ruling on the issue of subject matter jurisdiction.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] The Loomar Defendants twice have moved to dismiss for lack of subject matter jurisdiction. *See* ECF Nos. 21, 34.  In both motions, the Loomar Defendants argued that the parties lacked complete diversity due to jurisdictional defects in Plaintiff's pleadings other than the defect raised by the Court today concerning Plaintiff's allegations regarding each Defendant's "residence," as opposed to "citizenship."  The Court has an obligation to raise this issue *sua sponte* when determining whether this Court has jurisdiction over Plaintiff's claims.  *Novak*, 452 F.3d at 906.