**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COVEY RUN, LLC,<br>    Plaintiffs,<br><br>v.<br><br>WASHINGTON CAPITAL, LLC, *et al.*,<br>    Defendants. | Civil Action No. 1:15-00219 (CKK) |

**ORDER**
(November 11, 2015)

Plaintiff Covey Run, LLC brings this action alleging that Defendants Washington Capital, LLC, Jemel Lyles, Melvin Sanders, and Steve Evans (collectively, the "Washington Defendants") perpetrated a fraudulent scheme that culminated in the alleged theft of $1.2 million from Covey Run.  Plaintiff alleges that as part of this scheme, the Washington Defendants represented themselves to be affiliated with an apparent shell company, Defendant Atlantic Information Systems LLC.  Plaintiff further alleges that Defendants L. Gregory Loomar and the Law Offices of L. Gregory Loomar P.A. (collectively, the "Loomar Defendants") failed to meet their fiduciary duties as the escrow agent for the funds in question, and that Defendant Michael Blackwell negligently misrepresented to Covey Run that Defendant Washington Capital was a reputable private equity firm.

Presently before the Court are five motions:  (1) the Loomar Defendants' [34] Motion to Dismiss Amended Complaint for Lack of Jurisdiction; (2) the Loomar Defendants' [39] First Motion to Permit Late Filing of Corrected Amended Reply Memorandum; (3) Plaintiff's [42] Motion for Leave to File Second Amended Complaint; (4) the Loomar Defendants' [44] Second Motion to Permit Late Filing; and (5) Plaintiff's [48] Motion for a Rule 16(b) Conference.  A threshold question addressed by the parties in their briefs regarding these motions is whether this Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a)(1).

1

On November 3, 2015, the Court issued an Order, observing that Plaintiff's attempts to establish diversity have thus far been insufficient to meet Plaintiff's burden to establish this Court's subject matter jurisdiction over Plaintiff's claims. *See* Order dated November 3, 2015, ECF No. [49]. In light of the Court's analysis, the Court stated that the Court was inclined to dismiss the case without prejudice for lack of subject matter jurisdiction; however, the Court provided Plaintiff the opportunity to address the Court's jurisdictional analysis because the arguments had not previously been raised by the parties. *Id.* In its response to the Court's Order, Plaintiff states that it has further scrutinized its stated jurisdictional basis. *See* Pl.'s Response to Order of the Court, ECF No. [50], at 2. Plaintiff has determined that there are additional defects concerning Plaintiff's citizenship at the time of filing, and that the proper course of action is to dismiss the present action. *See id.* (citing *Grupo Dataflux v. Atlantis Global Group*, 541 U.S. 567, 574-75 (2004)). Plaintiff therefore requests that the Court dismiss the action without prejudice, so that Plaintiff may re-examine the pertinent jurisdictional facts, and if appropriate, file a new complaint that sufficiently alleges the existence of diversity of citizenship. *Id.*

Accordingly, it is hereby ORDERED that the Court shall dismiss the case without prejudice for lack of subject matter jurisdiction.

It is FURTHER ORDERED that the Court shall GRANT the Loomar Defendants' [34] Motion to Dismiss Amended Complaint for Lack of Jurisdiction, noting that the Court is dismissing Plaintiff's claims without prejudice due to lack of subject-matter jurisdiction, and that the Court does not find it necessary to consider the remaining arguments in the Loomar Defendants' Motion to Dismiss.

///

///

It is FURTHER ORDERED that the Court shall DENY as MOOT all remaining pending motions.  *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal at any time the Court finds subject matter jurisdiction wanting).

**SO ORDERED.**

*This is a final, appealable order.*

/s/

COLLEEN KOLLAR-KOTELLY
United States District Judge
